## COMMONWEALTH v. JACOB CORK.

**Indictment — Presentment — Filing.**

> An indictment presented to the court in the presence of the grand jury, with an order to that effect, is a substantial compliance with section 120 of Criminal Code.

### APPEAL FROM BRECKENRIDGE CIRCUIT COURT.

#### December 5, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The appellee was indicted in the court below for a penal offense, and on the trial his attorney moved to dismiss the prosecution, because the record did not show that the indictment was presented in court in the manner prescribed by *section* 120, *Criminal Code,* which motion was sustained, and the Commonwealth appealed.

Said section reads as follows: " The indictment must be presented by the foreman, in the presence of the grand jury to the court, and filed with the clerk, and remain in his office as a public record."

The record shows that the indictment was indorsed a *"true bill"* signed *"John Dehaven, Foreman,"* returned into court by the grand jury and filed October 11, 1865.

If the order noting the presentment of the indictment into court had stated that it was presented by the foreman, in the presence of the grand jury, that would have been a *literal* compliance with the requirements of said *section.*

Is not the order, as made, a substantial compliance therewith? We think it was.

The indictment was presented to the court in the presence of the grand jury, because the order states the grand jury returned or presented it, which necessarily includes every member thereof, and as we must know that some one of that body took it into the presence of the court and handed it to the clerk, and as the law required the foreman to do it, we must assume, in the absence of pleadings or proof of the contracy, that he did his duty and presented the indictment to the court.

Besides it might be sufficient, even if it appeared that it had been presented by any other member of the grand jury than the foreman appointed by the judge, who might be regarded the *foreman pro hae vice.* But it is not necessary to decide that question now, as it is not before us.

But from all the facts, as they appear on this record, it would be illogical and contrary to the spirit of the *Criminal Code* to assume that the indictment was not presented by the foreman of the grand jury and filed by the clerk.

Wherefore, the judgment is reversed and the cause remanded with directions to overrule the defendant's motion to dismiss the " prosecution " and for further proceedings consistent herewith.